SAMUEL ROGENSOF, PLAINTIFF-RESPONDENT, v. PER-
KOFF & FORMAN, INC., A CORPORATION, DEFENDANT-
APPELLANT.

Submitted May 6, 1941—Decided July 25, 1941.

Before Justices PARKER, DONGES and COLIE.

For the defendant-appellant, *Murray E. Kempler* (*Joseph Weinlraub,* of counsel).

For the plaintiff-respondent, *Harry Levin.*

The opinion of the court was delivered by

COLIE, J.   Plaintiff brought suit to collect one-half of the commission of $1,000 paid to the defendant upon the sale of certain premises to Rae Bressman in 1938.

The evidence was somewhat confused and uncertain but it showed that Rogensof, the plaintiff, had, in 1936, introduced one Louis Bressman to the corporate defendant, the general managing agent of Howard Savings Institution, and that a lease for three years was entered into between Bressman and Howard Savings Institution.   For this service, the plaintiff, Rogensof was paid an agreed commission.   About the middle of 1937, Rogensof talked with Louis Bressman and communicated to Perkoff & Forman, Inc., an offer by Bressman to purchase the premises for $20,000.   He was told to forget it as Bressman was financially irresponsible.   In April, 1938, the premises were sold to Rae Bressman, the wife of Louis Bressman, for $20,000. ˙ Prior to the dealings with Bressman,

the plaintiff had sold another property on Spruce street, Newark, at which time the defendant split the commission evenly with him. Plaintiff testified, without objection, that about the time of the Bressman sale, one Arthur Perkoff, a salesman for the defendant, told plaintiff that if he sold the property he would get the commissions. There was evidence before the court to justify the judgment entered and therefore we shall not disturb it. Appellant argues that the court erred in failing to make any findings on the issues, but, obviously, it has overlooked the rule that the appellate court will assume a finding of fact that will support the judgment appealed from. *Steinmeyer* v. *Phenix Cheese Co.*, 91 *N. J. L.* 351.

The judgment of the District Court is affirmed, with costs.